The opinion of the court was delivered by
Gibson, J.
Had the defendants below offered to prove that they were induced to execute the bond in consequence of the representations of Bell, the plaintiffs’ intestate, that only the interest should be exacted during his life, and that the principal should not be called for after his death, the case would have fallen within the principle decided in Miller and Henderson; but in this particular it was entirely deficient. It is no answer to say, the jury might have believed from the intrinsic evidence of the transaction itself, that Bell’s promise was the moving consideration on which the defendants became personally liable for the debt of Leonard ShaeJ-fer, who died in doubtful circumstances. It may be so.' But we are to recollect, that evidence of this kind is always attended with a greater or a less degree of danger, and that sound policy requires it to be restricted to cases of clear and palpable fraud, where the evidence, if believed, will not leave the jury to grope for a case proper for relief. Were juries permitted to weigh probabilities in cases of this sort, there are few securities that would not be swept away by parol evidence of idle and extravagant expressions at the sealing and delivery. Where a fraud of this kind is alleged, the evidence in support of it must come fully, up to the mark, so as not to leave the conclusion to be drawn from it doubtful, taking the evidence to be true in fact. In this respect, it was deficient, and we are of opinion it was properly excluded.
Judgment affirmed.