[PHILADELPHIA, APRIL 8TH, 1841.]

## ZEIBERT *against* GREW.

### IN ERROR.

To a *scire facias* in the District Court upon a mortgage payable in one year, brought by an assignee against the mortgagor, a terre-tenant appeared and filed an affidavit of defence, setting forth that the mortgage was given for the purchase-money of the mortgaged premises; that the mortgagee agreed with the mortgagor that if the interest was regularly paid, he would not call for the principal for ten years; that the interest was regularly paid, but that the mortgagee received " an usurious bonus" from a terre-tenant; and that the deponent verily believed that the planitiff in the suit did not wish the mortgage sued out: *Held*, that this affidavit was not sufficient to prevent a judgment under the act of 1835.

ERROR to the District Court for the City and County of Philadelphia.

The action in the court below was a *scire facias* brought by Henry Grew, assignee of Samuel Webb, against Henry Smith and James M. Cooper, with notice to terre-tenants, upon a mortgage dated the 18th of August, 1836, executed by Smith and Cooper to Webb, to secure payment of a bond of the same date, with condition for the payment of the sum of $4000 in one year, with interest.

(Zeibert *v.* Grew.)

John S. Zeibert, the terre-tenant, appeared and filed the following affidavit of defence.

" John S. Zeibert, the terre-tenant, being the owner of the premises bound by the mortgage on which the above suit is brought, being duly affirmed, saith he hath a just and lawful defence to the whole demand of the plaintiff, of the nature and character following, viz., 1st, When the property was purchased, the mortgage was given for part of the purchase money; and Samuel Webb, the seller and original mortgagee, agreed with Smith and Cooper, the buyers and mortgagors, that he would notwithstanding the terms of the mortgage, agree not to seek to call in the principal, but that if interest was regularly paid, the principal should not be demanded for ten years. Deponent ·avers that the interest is regularly paid. Said Webb afterwards, in violation of the original agreement above referred to, endeavoured to enforce payment of the mortgage, against J. P. Fairlamb, Jr., a subsequent purchaser under Smith and Cooper, and said Fairlamb actually paid to said Webb an usurious bonus by giving him his note for $200 : that deponent since the institution of this suit, has been called on by Mr. Grew, the plaintiff, for interest, and was surprised to learn that S. Webb, who by some means has the control of the mortgage, was endeavouring to enforce payment of the principal. Deponent further saith, that he verily believes said plaintiff doth not wish the mortgage sued out; but that the same has been pressed by said Webb, who has intimated to deponent that an extension might be obtained by payment of the exorbitant bonus or premium of ten per cent.; and he verily believes this suit is pressed by said Webb for that purpose. Deponent further saith, that the facts herein set forth are true, when stated on his personal knowledge ; that whenever they are stated on the information of others, they are true to the best of his knowledge and belief, as he .expects on trial to be able to prove before a. court and jury."

On the above affidavit the court below upon the application of the plaintiff, entered judgment for want of a sufficient affidavit of defence; whereupon the defendant took this writ of error, and filed the following specifications :

" 1. The court below erred in entering judgment for want of a sufficient affidavit of defence, when in truth a sufficient affidavit was filed.

2. The court below erred in treating the matters in said affidavit as insufficient, when the same should in point of law prevent a recovery at this time."

Mr. *J. A. Phillips,* for the plaintiff in error.

, Mr. *Newcomb,* contra.

(Zeibert *v.* Grew.)

PER CURIAM.—It is not alleged that the mortgagors were drawn into the purchase and consequent execution of the mortgage, by the alleged assurance that the principal would not be called for; and this distinguishes the case from *Miller* v. *Henderson,* (10 *Serg. & Rawle,* 190,) and brings it within the authority of *Hain* v. *Kalbach,* (14 *Serg. & Rawle,* 159.) The promise not to sue seems to have been gratuitous, and intended to mean nothing—an assurance rather than an engagement. With the supposed usurious transaction between the plaintiff and a precedent terre-tenant, the present terre-tenant has nothing to do, and he cannot avail himself of it. Neither can he be allowed to allege that the suit is prosecuted without the authority of the party in interest. Had he suspected the fact to be so, his course was to call on the attorney to file his warrant; but the fact itself would furnish no defence.

Judgment affirmed.